**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  05-373 (PLF)** |
| | : | |
| v | : | |
| | : | |
| **ERIC RAY JONES** | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF**
**EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal

Rule of Evidence 404(b).  The government relies upon the points and authorities set out in this

memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a five-count indictment with Unlawful Possession of a

Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a

Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), Unlawful Possession of

Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding

One Year, in violation of 18 U.S.C. § 922 (g)(1), Unlawful Possession with Intent to Distribute

Cannabis, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D), Using, Carrying and Possessing

a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1), and

Threatening to Injure, or Physically Damage, in violation of 22 U.S.C. § 407.

On May 13, 2005, at approximately 1:45 p.m., Metropolitan Police Department officers

responded to a radio dispatch which advised that there was a man with a gun sitting in a blue

1

mini-van parked in front of 2220 Bryan Place, Southeast, Washington, D.C.  Upon arriving at

that location, the officers saw a young man, who later identified himself as "R.D.",[1] sitting in the

front passenger seat of an idling, light-blue Dodge mini-van.  Officers knocked on the front

passenger's window of the vehicle.  As R.D. opened the passenger's door, the officers were

overwhelmed by the strong odor of marijuana emanating from the mini-van.  When R.D. was

asked who was driving the car, he responded that his brother "E" had been driving, but that "E"

had just walked down the street.  The officers asked the young man to exit the vehicle.  As the

officers continued talking with him, R.D. appeared excited and very nervous.  One of the officers

looked into the mini-van and found an unloaded Bryco 9 mm semi-automatic handgun in an

unlocked drawer under the front passenger's seat.  The police then began a search of the vehicle.

During the search, officers found a back pack that contained 1) two ziplock bags with

over 300 grams of a green weed substance,[2] 2) a Ruger 9 mm semi-automatic handgun that was

loaded with three rounds of 9 mm ammunition, 3) three magazines, one of which was loaded

with eight rounds of 45 caliber ammunition, and 4) a gun case containing two additional

magazines.  The police also found defendant's driver's license, an Enterprise car rental

agreement, $640, and a suitcase containing 25 rounds of AK47 ammunition.  Officers called the

Enterprise car rental office listed on the rental agreement and learned that defendant had rented

the mini-van on May 9, 2005.  The officers then located defendant at 2220 Bryan Place,

Southeast, in apartment 101.  After being arrest, defendant spontaneously stated, "I know whose

---

[1]    As the young man was later determined to be a juvenile, the government will refer
to him by his initials, "R.D."

[2]    A portion of the green weed substance was subjected to a field test, and the field
test indicated the presence of THC in that substance.

2

guns those are." While being transported to the police station, defendant also said, "A forty-five

is what I used to shoot back at those dudes right out front of where I live at."

## OTHER CRIMES AND BAD ACTS EVIDENCE

The government seeks to introduce evidence of the facts and circumstances surrounding

the defendant's previous drug related convictions and/or arrests. On October 19, 1995, the

defendant pled guilty to Possession with Intent to Distribute Cocaine and Possession of

Marijuana in D.C. Superior Court case F-6538-95. According to the government's evidence, on

August 8, 1995, officers, who were conducting an investigation in the 1700 block of Frankfort

Street, Southeast, saw defendant carrying a bag containing a green weed substance. In a search

incident to arrest, officers discovered that defendant also had seventeen bags of a white rocklike

substance in his pocket. The green weed and white rocklike substances were subsequently

weighed and analyzed by the Drug Enforcement Administration ("DEA") and determined to be

.619 grams of marijuana and 2.399 grams of cocaine base.

On October 19, 1995, defendant also pled to Possession of Cocaine in District Court

Superior Court case M-6793-95. According to the government's evidence, on June 21, 1995,

officers, who were manning an observation post in the area of 18th and Gainesville Street,

Southeast, saw defendant walking towards his car with a bag containing a green weed substance

in his hand. After defendant was arrest for this offense, the green weed substance was submitted

for laboratory analysis and determined to be 1.952 grams of marijuana.[3]

The government seeks to introduce this evidence under Federal Rule of Evidence 404(b),

_____

[3]    The government will forward discovery to defense counsel regarding these
convictions as soon as possible.

3

for the purpose of proving intent, knowledge, and absence of mistake.

### Legal Analysis and Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while "the first sentence of the rule is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal quotations omitted). In short, " Rule 404(b) bars not evidence as such, but a theory of admissibility." Id. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d

4

983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States,  485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[4]

As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted).   In the instant case, among other things, the government must prove that the defendants constructively possessed the marijuana found in the mini-van, with the intent to distribute it.  The "other crimes" evidence of defendant's previous possession of marijuana is highly probative of the defendant's knowing and intentional possession of the marijuana in this case while his prior Possession with Intent to Distribute Cocaine conviction is probative of his intent to distribute the marijuana.  His previous possession of marijuana also shows that the defendant's possession of the marijuana was not the result of

---

[4] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id.  And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct.  Ibid.

mistake or accident.  As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession."  Crowder, 141 F.3d at 1209, n.5 (en banc).

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here.[5]  See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine);  Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)).  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

---

[5]     In this case, the government will be proceeding on a theory of constructive possession.  Accordingly, the case of United States v. Linares, 367 F. 3d 941, (D.C. Cir. 2004) is inapposite.  Indeed, in Linares, the Court of Appeals held that Rule 404 (b) barred the admission of the defendant's prior possession of a gun in a felon in possession trial where the government was proceeding on an actual possession theory. Id. at 952.  As the Court made clear in United States v. Garner, 396 F.3d 438, 445 (D.C. Cir. 2005), no such bar exists under Rule 404 (b) when the government uses a constructive possession theory.

WHEREFORE, for the reasons stated above, the United States respectfully submits that

the government's motion to admit other crimes evidence be granted.

Respectfully submitted,


KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058


_____

Denise M. Clark
Assistant United States Attorney
Federal Major Crimes, D.C.  Bar No. 479149
555 4th Street, N.W.  #4840
Washington, DC 20530
Phone: 202-353-8690
Fax: 202-353-9414

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that I caused a copy of the foregoing to be served by mail and facsimile on the attorney for the defendant, Tony Axam, Assistant Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington, D.C. 20004, facsimile number 202-208-7515,  this 17th day of November, 2005.

_____
Denise M. Clark
Assistant United States Attorney