IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Criminal No. 05-373(PLF) |
| v. ) | |
| ) | |
| **ERIC JONES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
*IN LIMINE* MOTION REGARDING 404(B) EVIDENCE AND
MEMORANDUM IN SUPPORT THEROF**

Defendant, Eric Jones, through undersigned counsel, respectfully moves this Honorable Court to exclude from the government's case-in-chief at trial other acts or other crimes evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The government seeks to introduce evidence that Mr. Jones possessed with intent to distribute 17 packets of cocaine and possessed 1 packet of marijuana in August, 1995 and that Mr. Jones possessed cocaine in June, 1995. Evidence the government seeks to introduce is of limited probative value in the immediate case and presents substantial prejudice to Mr. Jones if introduced. This Court should prohibit the use of any such evidence.

**BACKGROUND**

On October 6, 2005, Mr. Jones was indicted with possession a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. 922(g)(1); possession of ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. 922(g)(1); possession with intent to distribute cannabis in violation of 21 U.S.C.

841(a)(1) and (b)(1)(D); using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. 924(c)(1); and threatening to injure or physically damage in violation of 22 D.C. Code 407.

These charges stem from the arrest of Mr. Jones and the warrantless search and seizure of a vehicle rented in his name on May 13, 2005. On that date, officers responded to a radio dispatch from an unknown source for a man with a gun in a van in the 2200 block of Bryant Place, SE. After officers arrived at that location, they approached a van that had a person sitting in the front passenger seat at 2220 Bryant Place, SE. Officers directed the passenger to open the door and he complied. Eventually officers searched the van and discovered a nine millimeter firearm, a backpack which contained two ziplock bags of marijuana a second 9 millimeter firearm, two empty cartridges, and third cartridge with 8 rounds of .45 caliber ammunition, and a suitcase containing 25 rounds of AK-47 ammunition, tennis shoes, medical dressing, and gauze. Police officers also seized an identification in Mr. Jones' name, as well as rental papers for the minivan in Mr. Jones' name. Officers found Mr. Jones in a nearby building and placed him under arrest. Mr. Jones subsequently made a statement in which he indicated he possessed the marijuana found within the minivan with an intent to deliver it.

Pursuant to Rule 404(b), the government now seeks to introduce at Mr. Jones' trial evidence from two separate, unrelated incidents during which he possessed cocaine with an intent to deliver it while also possessing marijuana, and during which he possessed cocaine. The government's purpose in seeking admission of this evidence is to establish Mr. Jones' propensity for being involved with illegal drugs. Such a purpose is impermissible. Even if this Court concludes that some aspect of the alleged other crimes evidence is admissible under Rule 404(b),

the evidence should nevertheless be excluded under Rule 403 because its prejudicial effect substantially outweighs any potential probative value.

## ARGUMENT

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Under Rule 404(b), prior acts of the defendant are admissible only if they are 1) relevant to an issue other than character, 2) necessary, and 3) reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Even when evidence meets these criteria, its probative value must still outweigh the danger that the evidence will produce unfair prejudice to the defendant. Rawle, 845 F.2d at 1247; Queen, 132 F.3d at 995. See also Fed. R. Evid. 403.

Rule 404(b) forbids the admission of evidence of other acts committed by the defendant that prove only that he is disposed toward criminal behavior. United States v. Hernandez, 975 F.2d 1035, 1038 (4th Cir. 1992). Therefore, "[t]he threshold inquiry a court must make before admitting similar acts evidence under rule 404(b) is whether that evidence is probative of a material issue other than character. " United States v. McMillon, 14 F.3d 948, 954 (4th Cir.1994) (quoting Huddleston v. United States, 485 U.S. 681, 686 (1988)). To be probative of a material issue and thus relevant, a prior bad act must be sufficiently related to the charged offense. Rawle, 845 F.2d at 1247 n.3. The government bears the burden of showing the relevance of evidence it seeks to have admitted under Rule 404(b)[1] and, because of the potential for

---

[1] See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988) and United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

prejudice, a general rule of exclusion applies to "other crimes" evidence. United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (citing Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972).

In the present case, the government has indicated that it intends to use the disputed evidence to establish intent, knowledge, and absence of mistake or accident. However, the proposed evidence would merely invite the jury to conclude, impermissibly, that "if he did it before he probably did so this time." Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967) (discussing impeaching the accused with prior convictions), cert. denied, 390 U.S. 1029 (1968). Before evidence of other bad acts by an accused may be admitted, a determination must be made that the evidence is probative of a material issue other than character and the probative value must not be outweighed by its unfair prejudice to the defendant. See United States v. Gomez, 927 F.2d 1530 (11th Cir. 1991); United States v. DeVaughn, 601 F.2d 42, 45 (2d Cir. 1979).

"In order to aid the district court's determination of whether evidence is offered to prove an issue other than character, the government must precisely articulate the purpose of the proffered evidence." United States v. Birch, 39 F.3d 1089, 1093 (10th Cir. 1994) (citing United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985)). The government's mere statement that the purpose of the other acts evidence is to prove the defendant's "knowledge, identity and absence of mistake or accident" does not articulate "the relevant purpose and specific inferences to be drawn from . . . [the] evidence of other acts." Birch, 39 F.3d at 1093 (quoting Kendall, 766 F.2d at 1436).

Whether Mr. Jones knowingly possessed or intended to deliver the marijuana recovered

in this case is not made more clear by the mere fact that he possessed cocaine and marijuana at different times in different circumstances. The facts of Mr. Jones' prior drug possessions each are so dissimilar that the only conclusion one could draw would be that a person who has been convicted of possessing marijuana or cocaine or possessing cocaine with an intent to distribute it, is more likely to be associated with drugs than are other people who have no such record. Because this is simply an observation about a person's character, it is exactly the type of evidence that Rule 404(b) forbids.

Assuming, arguendo, that the government was able to offer a proper purpose for the introduction of this evidence under Rule 404(b), the Court must also determine that the probative value outweighs the prejudice to the accused under Rule 403. The other acts evidence in this case is highly prejudicial, especially in light of the similarity of the crimes.

"Relevant evidence properly admitted over a [R]ule 404(b) objection always poses the risk of unfair prejudice to some degree, for a jury considering the evidence might draw the inference from character barred under the rule's first sentence. At the same time, the evidence might also prejudice a defendant if the jury thinks his act particularly repugnant. . . ." United States v. Rogers, 918 F.2d 207, 211 (D.C. Cir. 1990). This is precisely the danger Mr. Jones faces if the prior act evidence is admitted in this case. In the present case, the questioned evidence is only marginally probative as to any of the material issues and the government has other means for proving Mr. Jones knowledge, intent, and an absence of mistake. However, as to Mr. Jones' character, it is highly probative and extremely prejudicial.

Additionally, the potential for jury confusion here is substantial because the jury will have difficulty keeping the facts of each offense separate. Each offense involves drugs and the jury is

likely to find that Mr. Jones must be responsible for the drugs involved in the instant case simply because the police say he was in possession of drugs before. Moreover, the evidence will cause jury confusion insofar as the jury must first determine whether the alleged prior act actually occurred before using that evidence as part of their deliberations regarding this case. In other words, the jury will first have to make a determination that Mr. Jones possessed drugs on a prior occasion and possessed some of those drugs with an intent to deliver them before they can even consider that evidence as relevant to the charges in this case. This is an exercise that is sure to confuse the jury.

Finally, the introduction of this evidence will cause needless delay. This is not a complicated trial. One count of the indictment involves the possession of drugs, and the government's evidence either will or will not establish beyond a reasonable doubt that Mr. Jones possessed with an intent to deliver the marijuana police recovered on May 13, 2005. A litany of alleged prior drug possessions will cause needless delay and will significantly prejudice Mr. Jones.

WHEREFORE, it is submitted that Federal Rules of Evidence 404(b) and 403, as well as fundamental considerations of fairness, preclude the admission of the prior conduct evidence and it is respectfully requested that the Court so rule.

          Respectfully submitted,

          A.J. KRAMER
          Federal Public Defender


          _____
          Tony Axam, Jr.
          Assistant Federal Public Defender
          625 Indiana Avenue, N.W., Suite 550
          Washington, DC  20004
          (202) 208-7500


## CERTIFICATE OF SERVICE

I, Tony Axam, Jr., Assistant Federal Public Defender, hereby certify that a copy of the attached Opposition to Governments Intent to Introduce Other Crimes Evidence Under Fed. R. Ev. 404(b) has been served upon Denise Clark, Esquire, Assistant United States Attorney, by delivering a copy to the box so designated at the United States Courthouse for the use of the United States Attorney's Office, Judiciary Center Building, 555 Fourth Street, N.W., Washington, DC  20001.


            /s
         _____
         TONY AXAM, JR.
         Assistant Federal Public Defender

**DATE:**