**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.  05-373-01 (PLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIC RAY JONES** | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

### BACKGROUND

On May 13, 2005, at approximately 1:45 p.m., Metropolitan Police Department officers responded to a radio dispatch which advised that there was a man with a gun sitting in a blue mini-van parked in front of 2220 Bryan Place, Southeast, Washington, D.C.  Upon arriving at that location, the uniformed officers saw a young man, who later identified himself as "R.D.",[1] sitting in the front passenger seat of an idling, light-blue Dodge mini-van.  Officers knocked on the front passenger's window of the vehicle.  Without a word being spoken by anyone, R.D. opened the passenger's door.  Immediately, the officers were overwhelmed by the strong odor of marijuana emanating from the mini-van.  When R.D. was asked who was driving the car, he responded that his brother "E" had been driving, but that "E" had just walked down the street.  The officers asked the young man to exit the vehicle.  As the officers continued talking with him, R.D. appeared excited and very nervous.  One of the officers looked into the mini-van and opened an unlocked drawer

---

[1]     As the young man was later determined to be a juvenile, the government will refer to him by his initials, "R.D."

under the front passenger's seat. There, the officer located an unloaded Bryco 9 mm semi-automatic handgun. The police then began a search of the vehicle.

During the search, officers found a back pack on the floorboard behind the driver's seat that contained 1) two ziplock bags with over 300 grams of a green weed substance,[2] 2) a Ruger 9 mm semi-automatic handgun that was loaded with three rounds of 9 mm ammunition, 3) three magazines, one of which was loaded with eight rounds of 45 caliber ammunition, and 4) a gun case containing two additional magazines. The police also found defendant's driver's license, an Enterprise car rental agreement, $640, and a suitcase containing 25 rounds of AK47 ammunition. Officers called the Enterprise car rental office listed on the rental agreement and learned that defendant had rented the mini-van on May 9, 2005. The officers then located defendant at 2220 Bryan Place, Southeast, in apartment 101. After being arrest, defendant spontaneously stated, "I know whose guns those are. JJ pulled the trigger and shot me in my back." While being transported to the police station, defendant also said, "A forty-five is what I used to shoot back at those dudes right out front of where I live at." At the police station, defendant waived his <u>Miranda</u> rights and admitted that the guns and the drugs were his.

On October 17, 2005, defendant was arraigned on a five-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), Unlawful Possession of Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922 (g)(1), Unlawful Possession with Intent to

---

[2]    A portion of the green weed substance was subjected to a field test, and the field test indicated the presence of THC in that substance.

Distribute Cannabis, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1), and Threatening to Injure, or Physically Damage, in violation of 22 U.S.C. § 407. On January 26, 2006, defendant pled guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year and Unlawful Possession of Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year.

Based on his conduct in the instant case, defendant's base offense level is 20. See United States Sentencing Commission Guidelines Manual § 2K2.1 (a)(4)(A). Because defendant possessed the firearm and ammunition with the knowledge, intent or reason to believe that they would be used in connection with his selling of marijuana, defendant's base offense level should be increased by four levels. See § 2K2.1(b)(5). Defendant's intent is evidenced by the fact that he had the marijuana, a firearm and a great deal of ammunition in close proximity to one another. Defendant has accepted responsibility for his conduct pursuant to § 3E1.1, and thus, he is entitled to a three level adjustment, reducing his offense level to 21. Defendant has two criminal history points, placing him in criminal history category II. Accordingly, defendant's Sentencing Guideline range is 41 to 51 months of imprisonment.

The government recommends that the Court impose a sentence of 48 months. Such a sentence is warranted by the seriousness of the conduct defendant engaged in and defendant's criminal history.

**ARGUMENT**

Following <u>United States v. Booker</u>, 125 S. Ct. 738, (2005), the Court is no longer required to impose a Guidelines sentence in all cases, and its sentencing decision will be reviewed for reasonableness. <u>Booker</u> directs sentencing courts to fashion sentences that are consistent with the factors set forth in 18 U.S.C. § 3553(a), and that can best be done by adhering closely to the sentences derived from the Guidelines. It is the very purpose of the Guidelines to assist judges in meeting the sentencing goals of Section 3553(a). In the government's view, the most reasonable sentence in this case would be a sentence within the range calculated under the Sentencing Guidelines for an offense level of 21, criminal history category II. As discussed below, there is nothing about the circumstances of this case which justify a further reduction beyond offense level 21, criminal history category II.

The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of two decades of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. The Guidelines, consisting of offense characteristics and various grounds for departure, address the considerations relevant to sentencing, as articulated in Section 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

### A.   The Guideline sentence is reasonable in light of the Defendant's personal characteristics and circumstances.

In this case, consideration of all the factors set forth in Section 3553(a), including defendant's personal characteristics and circumstances, support the conclusion that a Guideline sentence is reasonable, and that defendant Jones should be sentenced with the applicable range of 41 to 51 months.

First, the offense of conviction is an incredibly serious one. Although defendant was a convicted felon, he possessed two firearms and a great deal of ammunition. In this case, defendant made clear in his videotaped statement that he felt he needed this arsenal to protect himself and his possessions. But what is equally clear based on the evidence at the motions hearing is that defendant was a drug dealer who sold marijuana. The Court should not ignore the devastating impact that drugs and drug dealing have had on the various communities in the District of Columbia, destroying individuals and families. Indeed, drug dealing often goes hand in hand with violence because drug dealers use firearms to "protect" their product and secure their turf. Any sentence the Court imposes should reflect the seriousness of the totality of defendant's conduct in this case.

Defendant's criminal history also warrants a sentence at the high end of the applicable Sentencing Guideline range. In this case, defendant's criminal history dates back to 1993. He has been arrested thirteen times, and been convicted on at least three occasions, including this conviction.

In addition, any sentence this Court imposes should provide adequate deterrence and respect for the law under Section 3553 (a)(2). In this jurisdiction, defendants, particularly those who have had contact with the Superior Court system, are not deterred from engaging in criminal conduct because they perceive the penalties for their conduct to be so minimal. The Court should impose a sentence that is severe enough that would-be criminals will know that gun possession and drug distribution are serious crimes which will not be tolerated in the District of Columbia.

**B.        Conclusion**

As detailed above, a sentence of 48 months is reasonable and appropriate for defendant for several reasons. First, that sentence is within the Guideline range and is therefore presumptively reasonable. Second, the offense of conviction is a particularly serious offense given the extraordinary level of gun violence in this city.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
Denise M. Clark
Assistant United States Attorney
Federal Major Crimes Section, D.C. Bar No. 479149
555 4th Street, N.W. #4840
Washington, DC 20530
Phone: 353-8213
Fax: 353-9414

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused a copy of the foregoing to be served by mail upon the attorney for the defendant, Tony Axam, this _____th  day of March, 2006.


_____
Denise M. Clark
Assistant United States Attorney