IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)  Criminal No. 05-373 (PLF)<br>ERIC JONES, )<br>)<br>Defendant. )<br>_____) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Mr. Eric Jones, through undersigned counsel, respectfully submits this memorandum in aid of sentencing and the exhibit attached hereto, pursuant to Federal Rule of Criminal Procedure 32.  As explained below, Mr. Jones objects to the sentencing guideline range calculated by the probation office.  Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Jones respectfully requests the Court to sentence him to a period of 27 months incarceration followed by a period of supervised release.

## DISCUSSION

On January 26, 2006, Mr. Jones pleaded guilty to Counts One and Two of an indictment charging him with possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. 922(g).  The charges stem from Mr. Jones' May 13, 2005 arrest by metropolitan police department officers after someone anonymously reported a man with a gun.  At the time of his arrest, Mr. Jones possessed 308 grams of marijuana, two firearms, and ammunition of various types.

Following his arrest, Mr. Jones spoke with law enforcement and admitted to possession of the firearms, ammunition, and marijuana. He explained that he sells marijuana. He also explained that he possessed the guns to protect himself because he feared for his safety after a recent robbery in which he was shot and his assailant was still at-large.

According to the presentence investigation report (PSI), Mr. Jones' base offense level is 20. The presentence report writer increases the base offense level by four points pursuant to § 2K2.1(b)(5) under the mistaken belief that Mr. Jones "possessed the firearm and ammunition with knowledge, intent or reason to believe they would be used in connection another felony offense." Though Mr. Jones admitted to selling drugs and was charged with such, he did not possess a firearm in connection with that offense. He did not possess any firearm to protect the 308 grams of marijuana he possessed or to facilitate its sale. Rather, as he repeatedly told police officers who questioned him the day of his offense, he acquired the firearms he possessed solely because he feared for his safety after someone robbed him. This explanation is consistent with Dr. Jennings' evaluation of Mr. Jones and her findings regarding his irrational need to protect his body from harm. See Report of Dr. Pamela Jennings attached as sealed Exhibit A, p. 5-6.

When the four points assessed by the probation office under § 2K2.1(b)(5) are not included in his offense level, and three points are subtracted for Mr. Jones' acceptance of responsibility, the result is an adjusted offense level of 17, which yields a sentencing guideline range of 27 to 33 months. As the Court is aware, the recommended sentencing guideline range is but one factor to consider when determining a defendant's sentence. Mr. Jones' submits that a sentence at the lowest end of the calculated guideline range is an appropriate sentence considering the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Pursuant to 18 U.S.C. §§ 3553(a) and 3562, sentencing courts should consider the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Eric Jones is thirty three years old. He has two prior convictions from 1995– one for possession of marijuana and one for possession with intent to distribute cocaine. Although each of these convictions relates to a crime that occurred more than ten years ago, they are nevertheless included in Mr. Jones' criminal history score under U.S.S.G. § 4A1.3 because he committed the instant offense on a date that places him just months inside the ten year limitation for counting prior convictions.

Mr. Jones requests the Court to recognize that one of his prior convictions increases his base offense level from 14 to 20, and also increases his Criminal History Category from I to II, thereby resulting in a significant increase in punishment. Under the Sentencing Guidelines, when a "defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes," a downward departure is warranted. See U.S.S.G. § 4A1.3. See also United States v. Beckham, 968 F.2d 47, 53-54 (D.C. Cir. 1992) (recognizing downward departure where accused criminal history over-represents the seriousness of past criminal conduct and the likelihood of recidivism); United States v. Fletcher, 15 F.3d 553, 556-557 (6th Cir. 1994) (district court may take the age of prior convictions into account when considering a defendant's likelihood of recidivism.). Mr.

Jones does not submit that his criminal history is significantly over-represented. Mr. Jones does not submit that the circumstances surrounding his prior convictions provide grounds for a downward departure; they do demonstrate, however, that Mr. Jones is amenable to community supervision. When considered in conjunction with the circumstances of the instant offense, and his own history and characteristics, they suggest that Mr. Jones is unlikely to be involved in the criminal justice system following service of his sentence in this case.

As the PSI suggests, and Dr. Jennings' evaluation of Mr. Jones confirms, he is a man with an impressive work ethic who is not only capable of conforming his behavior to society's conventions, but wants to conform his behavior so that he is seen as a productive, responsible person. At the time of his arrest, Mr. Jones suffered a confluence of events that placed stresses on him to which he was unaccustomed. He lost a job he had held for many years, he relapsed into drug abuse, and he was severely injured in a robbery. His inability to manage his stress and his mental health led to his impaired his judgement to possess guns to protect himself. It was a poor decision in a series of poor decisions that Mr. Jones regrets deeply.

As Dr. Jennings reports, Mr. Jones was deeply depressed at the time he committed the instant offense and remains depressed at the present time. Yet, Mr. Jones has shown impressive self-control and has not returned to his use of drugs as a means for escaping his depression. This is not to suggest that Mr. Jones is not in need of treatment, but the mental fortitude and discipline he has shown since his arrest in this matter further suggest to this Court he is capable of obeying this Court's orders, living a structured life, and he has no desire to return to the conduct that presently places him before the Court. He certainly has a strong desire not to be seen as a law breaker, a drug addict, or a poor role model for his family. Proper drug treatment and mental

health counseling would certainly assist with ensuring Mr. Jones is never involved with criminal activity again. Mr. Jones requests such counseling so that he might achieve the positive image he like the world to have of him.

Eric Jones is the biological father of one child and the step-father to two other children. He currently resides with his girlfriend, two step-children, and his mother. Until his troubles giving rise to the instant offense, he was gainfully employed. He is a high school graduate and possesses a technical certificate for heating and air conditioning repair. He provides financial support to his mother and all of his children. As the letter written by his ex-girlfriend attests, Mr. Jones is "dedicated to his own son and all the children in his community," and he is " . . . pushing himself to the max to do better." See Letter of Kim Evans attached in sealed filing as Exhibit B.

Mr. Jones is ashamed and disappointed in himself. Mr. Jones has never been incarcerated for more than a matter of days. He fears jail. Though he hopes to take the time he will be incarcerated to overcome his drug dependency and to understand his depression, a sentence of 27 months will be more than adequate to deter Mr. Jones from future wrongdoing and satisfy society's need to see him punished.

Mr. Jones has at all times accepted responsibility for his actions. He has always recognized that he faces incarceration in this matter. In considering Mr. Jones's history and background and all of the purposes of sentencing, Mr. Jones urges the Court to impose a sentence that is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing while recognizing the factors that led Mr. Jones to commit these crimes and his genuine desire to live the rest of his life as the productive member of society. The requested sentence achieves this purpose.

For the foregoing reasons Eric Jones respectfully requests the Court to sentence him to 27 months incarceration followed by period of supervised release and to recommend that Mr. Jones drug and mental health counseling.

                                      Respectfully submitted,

                                      A.J. KRAMER
                                      FEDERAL PUBLIC DEFENDER

                                      _____/S/_____
                                      Tony Axam, Jr.
                                      Assistant Federal Public Defender
                                      625 Indiana Avenue, N.W., Suite 550
                                      Washington, D.C.  20004
                                      (202)  208-7500